## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| TAKATA CORPORATION, *et al.*,[1] | ) | Case No. 17-11713 (BLS) |
| | ) | |
| Debtors in a foreign proceeding. | ) | Jointly Administered |
| | ) | |

### NOTICE OF APPEAL

Chair Lead Counsel for and on behalf of the Plaintiffs and proposed classes, Plaintiffs'

Personal Injury Track Lead Counsel, Plaintiffs' Economic Damages Track Co-Lead Counsel, and

Plaintiffs' Steering Committee (collectively, the **"Takata MDL Plaintiffs"**) in *In re: Takata*

*Airbag Product Liability Litigation*, MDL No. 2599, 15-MD 2599-FAM, United States District

Court, Southern District of Florida, Miami Division, hereby appeal under 28 U.S.C. §158(a) and

Federal Rules of Bankruptcy Procedure 8001 and 8002 from the Order Granting Final Relief for

Recognition of Foreign Main Proceedings [Dkt. #86], entered November 14, 2017 (the "Order").

This Notice of Appeal is timely pursuant to Federal Rules of Bankruptcy Procedure 8002 and

9006.  The names of all parties to this appeal and the names, addresses and telephone numbers of

their respective counsel are as follows:

---

[1] The chapter 15 debtors are Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation. The registered office for Takata Corporation and Takata Service Corporation is located at 2-12-31 Akasaka, Minato-ku, Tokyo, 107-0052, Japan. The registered office for Takata Kyushu Corporation is located 2195-4 Oaza Befu, Higashitaku-machi, Taku-shi, Saga, 846-0012, Japan. The Foreign Representative is located at Takata Corporation, 2-3-14 Higashishinagawa, Shinagawa-ku, Tokyo, 140-0002, Japan.

Daniel K. Hogan (DE #2814)
Garvan F. McDaniel (DE #4167)
**HOGAN ♦ McDANIEL**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540

***ATTORNEYS FOR THE TAKATA
MDL PLAINTIFFS***

Sander L. Esserman (Admitted Pro Hac
Vice)
Peter C. D'Apice (Admitted Pro Hac Vice)
**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA
A PROFESSIONAL CORPORATION**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201-2689
Telephone: (214) 969-4900

***ATTORNEYS FOR THE TAKATA
MDL PLAINTIFFS***

Robert S. Brady
Pauline K. Morgan
Ryan M. Bartley
Rodney Square
**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600

***COUNSEL TO THE FOREIGN
REPRESENTATIVE***

Debra A. Dandeneau (Admitted pro hac vice)
Peter Goodman (Admitted pro hac vice)
**BAKER & MCKENZIE LLP**
452 Fifth Avenue
New York, New York 10018
Telephone: (212) 626-4100

***COUNSEL TO THE FOREIGN
REPRESENTATIVE***

Pursuant to Federal Rule of Bankruptcy Procedure 8003, a copy of the Order is attached

hereto as **Exhibit A.**  This Notice of Appeal is also accompanied by the prescribed fee.

Dated:  November 28, 2017.

Respectfully submitted,

*/s/ Daniel K. Hogan*
Daniel K. Hogan (DE #2814)
Garvan F. McDaniel (DE #4167)
**HOGAN ♦ McDANIEL**
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: (302) 656-7540
Facsimile: (302) 656-7599
Email: dkhogan@dkhogan.com
        gfmcdaniel@dkhogan.com

-and-


Sander L. Esserman (Admitted Pro Hac Vice)
TX Bar No. 06671500
Peter C. D'Apice (Admitted Pro Hac Vice)
TX Bar No. 05377783
**STUTZMAN, BROMBERG,**
**ESSERMAN & PLIFKA**
**A PROFESSIONAL CORPORATION**
2323 Bryan Street, Suite 2200
Dallas, Texas 75201-2689
(214) 969-4900
(214) 969-4999 (facsimile)
esserman@sbep-law.com
dapice@sbep-law.com

**ATTORNEYS    FOR    MDL    ACTION**
**PLAINTIFFS'   CHAIR   LEAD   COUNSEL,**
**PLAINTIFFS' PERSONAL INJURY TRACK**
**LEAD COUNSEL, PLAINTIFFS' ECONOMIC**
**DAMAGES   TRACK   CO-LEAD   COUNSEL**
**AND PLAINTIFFS' STEERING COMMITTEE**

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| TAKATA CORPORATION, et al.[1] | Case No. 17-11713 (BLS) |
| Debtors in a foreign proceeding. | (Jointly Administered) |

## ORDER GRANTING FINAL RELIEF FOR
## RECOGNITION OF FOREIGN MAIN PROCEEDINGS

This matter coming before the Court on the chapter 15 petitions and the *Verified Petition for Entry of an Order Recognizing Foreign Main Proceedings* (together, the "Verified Petition")[2] of Takata Corporation ("TKJP"), in its capacity as the authorized foreign representative (the "Foreign Representative") of itself, Takata Kyushu Corporation ("TK9") and Takata Service Corporation ("TKS," and with TKJP and TK9, collectively, the "Japanese Debtors") who are debtors in Civil Rehabilitation Proceedings (the "Japanese Proceedings") under the Civil Rehabilitation Act of Japan, Act No. 225 of December 22, 1999 (the "Civil Rehabilitation Act") before the 20th Department of the Civil Division of the Tokyo District Court Japan (the "Japanese Court"); and upon the Japanese Proceedings Declaration and the Memorandum of Law; and having considered the statements of counsel with respect to the Petitions at a hearing before this Court (the "Hearing"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1] The chapter 15 debtors are Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation. The registered office for Takata Corporation and Takata Service Corporation is located at 2-12-31 Akasaka, Minato-ku, Tokyo, 107-0052, Japan. The registered office for Takata Kyushu Corporation is located at 2195-4 Oaza Befu, Higashitaku-machi, Taku-shi, Saga, 846-0012, Japan. The Foreign Representative is located at Takata Corporation, 2-3-14 Higashishinagawa, Shinagawa-ku, Tokyo, 140-0002, Japan.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Verified Petition.

*Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Verified Petition in this district being proper pursuant to 28 U.S.C. § 1410; and appropriate notice of and the opportunity for a hearing having been given; and the Court having been advised that the Consenting OEMs with claims against the Japanese Debtors have consented to the relief requested in the Verified Petition subject to the reservation of rights set forth herein; and the relief requested in the Verified Petition as modified by this Order being necessary to preserve the value of the Japanese Debtors' assets and business and in the best interests of the Japanese Debtors' estates, their creditors and other parties in interest; and the Court having determined that the relief requested in the Verified Petition as modified by this Order is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Verified Petition establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      TKJP, a Japanese Corporation, is a person within the meaning of section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of each of the Japanese Debtors within the meaning of section 101(24) of the Bankruptcy Code.

C.    These Chapter 15 Cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

D.    The Chapter 15 Petitions meet the requirements of section 1515 of the Bankruptcy Code and the Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

E.    The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

F.    The Japanese Proceedings are "foreign proceedings" pursuant to section 101(23) of the Bankruptcy Code.

G.    The Japanese Proceedings are entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

H.    Japan is the center of main interests for each of the Japanese Debtors.

I.    The Japanese Proceedings pending in the Japanese Court, in the location that is the Japanese Debtors' center of main interest, constitute foreign main proceedings pursuant to section 1502(4) of the Bankruptcy Code and are entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

J.    The Foreign Representative is entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

K.    All creditors and other parties in interest are sufficiently protected in the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

L.    The relief granted herein is necessary and appropriate, in the interest of the public and international comity, consistent with the public policy of the United States, warranted

pursuant to sections 105(a), 1517, 1520, and 1522 of the Bankruptcy Code, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted.

Based on the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED THAT:

1.      The Verified Petition is GRANTED as set forth herein.

2.      The Japanese Proceedings are hereby recognized as "foreign main proceedings" pursuant to section 1517(b)(1) of the Bankruptcy Code.

3.      TKJP is the duly appointed foreign representative of the Japanese Debtors within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Japanese Debtors during the Chapter 15 Cases.

4.      The Japanese Court Orders are hereby enforced and recognized on a final basis and given full force and effect in the United States.

5.      All relief afforded a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is hereby granted.  Specifically, and subject to Paragraph 6 of this Order, the automatic stay provisions of section 362 of the Bankruptcy Code shall operate as a stay of any litigation against the Japanese Debtors or execution against any property of the Japanese Debtors within the territorial jurisdiction of the United States.

6.      Notwithstanding anything to the contrary contained herein, nothing in this Order (i) serves to grant any injunction that is prohibited under section 1519(d) or 1521(d) of the Bankruptcy Code, (ii) impairs or limits any rights or obligations of the Japanese Debtors or the OEMs that are parties to the Final Accommodation Agreement from enforcing the terms of that agreement or exercising their rights thereunder, to the extent permitted by the Civil Rehabilitation Act and any applicable order of the Japanese Court, or (iii) prevents a party

holding a claim against any of the Japanese Debtors from filing such claim in the Japanese Proceedings, *provided however*, that all parties who believe they have a claim against any of the Japanese Debtors are obligated to file such claim in the Japanese Proceedings, and, in accordance with the Civil Rehabilitation Act, and failure to do so may result in a waiver of such claim or having such claim be barred from being asserted against the Japanese Debtors.

7.  Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and that certain *Order Granting Limited Provisional Relief for Recognition of a Foreign Proceeding* [Docket No. 25] (the "Provisional Relief Order") shall remain in full force and effect. To the extent there is any inconsistency between this Order and the Provisional Relief Order, the language in this Order shall control.

8.  Notwithstanding anything to the contrary contained herein, all rights of (a) the Consenting OEMs and (b) to the extent they have standing in the Chapter 15 Cases, the Official Committee of Unsecured Creditors in the Chapter 11 Cases, the Tort Claimants' Committee in the Chapter 11 Cases, the Takata MDL Plaintiffs (as defined in the objection filed at Docket No. 62), and the Future Claimants Representative appointed in the Chapter 11 Cases to object or challenge any other relief that may be requested by the Foreign Representative or Japanese Debtors in the Chapter 15 Cases are expressly reserved, including, without limitation, the recognition of any orders of the Japanese Court that are not Japanese Court Orders.

9.  No action taken by the Foreign Representative, the Japanese Debtors, or each of their successors, agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Japanese Proceedings, the Japanese Court Orders, this Order, or the Chapter 15 Cases or any

adversary proceeding therein, or any further proceeding commenced thereunder, shall be deemed to constitute a waiver of the protections afforded such person under sections 306 and 1510 of the Bankruptcy Code.

10.    Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

11.    Without limiting any other service requirements under this Court's prior order prescribing the form and manner of notice in these Chapter 15 Cases, a copy of this Order shall be served, within three business days of entry of this Order, by first class mail, postage prepaid, upon all persons or bodies authorized to administer foreign proceedings of any of the Japanese Debtors, all parties to litigation pending in the United States to which any Japanese Debtor was a party at the time of the filing of the Petition, and the United States Trustee.

12.    Such service shall be good and sufficient service and adequate notice for present purposes.

[order continues on next page]

13.     This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: November 14, 2017
       Wilmington, Delaware

BRENDAN LINEHAN SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | § | Chapter 15 |
| | § | |
| TAKATA CORPORATION, *et. al.*,[1] | § | |
| | § | Case No. 17-11713 (BLS) |
| Debtors in a foreign proceeding. | § | (Joint Administration Requested) |

## CERTIFICATE OF SERVICE

I, Daniel K. Hogan, hereby certify that on November 28, 2017, I caused the

foregoing Notice of Appeal be served upon all parties listed on the attached service list in

the manner indicated.  All others parties who are registered for electronic service will be

served via CM/ECF.

*/s/ Daniel K. Hogan*
Daniel K. Hogan (DE 2814)

---

[1] The chapter 15 debtors are Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation.  The registerd office for Takata Corporation and Takata Service Corporation is located at 2-12-31 Akasaka, Minato-ku, Tokyo, 107-0052, Japan.  The registered office for Takata Kyushu Corporation is located 2195-4 Oaza Befu, Higashitaku-machi, Taku-shi, Saga, 846-0012, Japan.  The Foreign Representative is located at Takata Corporation, 2-3-14 Higashishinagawa, Shinagawa-ku, Tokyo, 140-0002, Japan.

Takata Corp 2002 Service List (ECM)
Chapter 15 Case No. 17-11713 (BLS)
08 — Hand Delivery
16 - First Class Mail
01 — Foreign First Class

HAND DELIVERY
(Counsel to The Committee of Unsecured
Tort Claimant Creditors)
Laura Davis Jones, Esquire
Pachulski Stang Ziehl & Jones, LLP
919 N. Market street, 17th Floor
Wilmington, DE 19801

FIRST CLASS MAIL
(Counsel to the Committee of Unsecured
Tort Claimant Creditors)
James I. Stang, Esquire
Dean A. Ziehl, Esquire
Alan J. Kornfeld, Esquire
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd, 13th Floor
Los Angeles, CA 90067

HAND DELIVERY
(United States Trustee District of
Delaware)
David Buchbinder, Esquire
Jane M. Leamy, Esquire
Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19801

HAND DELIVERY
(Counsel to The Debtors)
Robert S. Brady, Esquire
Pauline K. Morgan, Esquire
Ryan M. Bartley, Esquire
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 N. King Street
Wilmington, DE 19801

HAND DELIVERY
Bankruptcy Department
Delaware Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801

HAND DELIVERY
Zillah Frampton
Delaware Division of Revenue
820 N. French Street
Wilmington, DE 19801

HAND DELIVERY
(United States Attorneys Office for
the District of Delaware)
Charles Oberly, Esquire
c/o Ellen Slights US Attorney For DE
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046

HAND DELIVERY
(Counsel for The OEM Customer Group)
Derek C. Abbott
Andrew R. Remming
Daniel B. Butz
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market St., 16th Flr.
Wilmington, DE 19899-1347

HAND DELIVERY
(Counsel to Toyota Motor Engineering &
Manufacturing North America, Inc. and
Toyoto Motor Corporation)
Adam G. Landis, Esquire
Kimberly A. Brown, Esquire
Travis J. Ferguson, Esquire
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19801

FIRST CLASS MAIL
(Chair Lead Counsel for the Takata MDL
Action Plaintiffs)
Peter Prieto
John Gravante, Ill
Matthew P. Weinshall
Alissa Del Riego
Podhurst Orseck P.A., Chair Counsel
One SE Third Avenue, Suite 2700
Miami, FL 33131

FIRST CLASS MAIL
(Counsel to Takata MDL Action
Plaintiffs)
Sander L. Esserman
Peter C. D' Apice
Stutzman Bromberg Esserman & Plifka P.C.
2323 Bryan Street, Suite 2200
Dallas, TX 75201

FIRST CLASS MAIL
Delaware Secretary of State
Corporations Franchise Tax
PO Box 898
Dover, DE 19903

FIRST CLASS MAIL
Delaware State Treasury
Bankruptcy Department
820 Silver Lake Boulevard, Suite 100
Dover, DE 19904

FIRST CLASS MAIL (EPA
Region 3)
Bankruptcy Department
Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103-2029

FIRST CLASS MAIL
Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

FIRST CLASS MAIL
SEC Headquarters
Secretary of the Treasury
100 F street, NE
Washington, DC 20549

FIRST CLASS MAIL
SEC - NY Office
Attn: Bankruptcy Department
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281-1022

FIRST CLASS MAIL
SEC - Philadelphia Office
Attn: Bankruptcy Department
One Penn Center
1617 JFK Boulevard, Suite 520
Philadelphia, PA 19103

FIRST CLASS MAIL
(Counsel to United States of America)
Charles E. Canter, Esquire
U.S. Department of Justice
1100 L. Street NW, Rm 10006
Washington, DC 20005

FIRST CLASS MAIL
(Counsel to Toyota Motor Engineering &
Manufacturing North America, Inc.)
Patricia Kirkwood Burgess, Esquire
Frost Brown Todd LLC
7310 Turfway Road, Suite 210
Florence, KY 41042

FIRST CLASS MAIL
(Counsel to Toyota Motor Engineering &
Manufacturing North America, Inc.)
Robert V. Sartin, Esquire
Frost Brown Todd LLC
The Pinnacle at Symphony Place
150 Third Avenue South, Suite 1900
Nashville, TN 37201

FIRST CLASS MAIL
(Counsel to Toyota Motor Engineering &
Manufacturing North America, Inc.)
Ronald E. Gold, Esquire
Frost Brown Todd LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202

FIRST CLASS MAIL
(Counsel to Toyota Motor Corporation,
for and on behalf of its direct and indirect
subsidiaries and affiliates, including
without limitation, Toyota Motor
Engineering & Manufacturing North
America, Inc. and Toyota Motor North
America, Inc.)
Debra Felder, Esquire
Orrick, Herrington & Sutcliffe LLP
1152 15th street, NW
Washington, DC 20005

FIRST CLASS MAIL
(Counsel to Toyota Mo[or Corporation,
for and on behalf of its direct and indirect
subsidiaries and affiliates, including
without limitation, Toyota Motor
Engineering & Manufacturing North
America, Inc. and Toyota Motor North
America, Inc.)
Lorraine S. McGowen, Esquire
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

FOREIGN FIRST CLASS MAIL
(Debtor)
Takata Corporation
2-12-31 Akasaka
Minato-ku, Toyko 107-0052
JAPAN